# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 50283 | DATE | 4/18/2003 |
| CASE TITLE | Murphy, et al. vs. County of McHenry, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' motion to dismiss

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the revere Memorandum Opinion and Order, defendants' motion to dismiss is granted in part and denied in part. Counts II and III are dismissed with prejudice and all of the individual defendants are dismissed.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | APR 18 2003 | 16 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| /LC | courtroom deputy's initials | | 4-18-03 date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

(Reserved for use by the Court)
# MEMORANDUM OPINION AND ORDER

Plaintiffs, Dennis Murphy, Susan L. Murphy, and Stonehedge, Inc. (collectively referred to as the "Murphys"), have filed a three-count amended complaint against defendants, the County of McHenry ("County") and eight individual County officials. Jurisdiction and venue are proper based on 28 U.S.C. §§ 1331, 1367, 1391. Before the court is defendants' motion to dismiss, presumably filed pursuant to Federal Rule of Civil Procedure 12(b)(6) (although defendants do not actually specify).

In Count I, the Murphys allege a Fourteenth Amendment equal protection claim against the County under a "class of one" theory. See Village of Willowbrook v. Olech, 528 U.S. 562 (2000) (per curiam). The County seeks to dismiss this count on two grounds, the first being that the Murphys have not alleged it acted pursuant to a municipal policy or custom under Monell v. Department of Social Services, 436 U.S. 658 (1978), and its progeny. It has not cited, however, any case law to support this argument.[1] Indeed, and perhaps somewhat surprisingly, the court's own research revealed just one federal case discussing the interplay between the municipal policy and custom requirement and the "class of one" theory: Anderson v. Village of Oswego, 109 F. Supp. 2d 930 (2000). As the County does here, the defendant municipality in Anderson argued that because the plaintiff alleged he was a "class of one" and was singled out for disparate treatment, he necessarily could not prove it acted pursuant to a municipal custom or policy and, therefore, the plaintiff's equal protection claim should be dismissed as a matter of law under Rule 12(b)(6). See id. at 934. In a brief discussion, the court rejected this argument by holding (1) it could be inferred from the plaintiff's allegations that his constitutional deprivation was caused by someone with final policy-making authority and (2) regardless of (1), prior precedent permits a "class of one" equal protection claim against a municipality. See id. at 935. Without deciding whether the Murphys have sufficiently alleged the existence of a municipal custom or policy under Monell (to be honest, the court cannot make heads or tails of the Murphys' pleadings on this issue and their response brief is even more confusing), the court generally agrees with the second reason given by the court in Anderson for allowing the plaintiff's equal protection claim to go forward. Specifically, there are dozens of cases in every U.S. Court of Appeals, including the Seventh Circuit, brought against municipalities involving "class of one" allegations without even so much as a whisper about Monell. See, e.g., Nevel v. Village of Schaumburg, 297 F.3d 673, 681 (7th Cir. 2002); Purze v. Village of Winthrop Harbor, 286 F.3d 452, 455 (7th Cir. 2002); Cruz v. Town of Cicero, 275 F.3d 579, 587 (7th Cir. 2001); Albiero v. City of Kankakee, 246 F.3d 927, 932 (7th Cir. 2001). Willowbrook itself falls into this group. See Willowbrook, 528 U.S. at 564-65. Whatever the reason for this silence, this court is not about to tread into uncharted waters, especially when neither side has even tried to analyze the issue.

That leaves the County's alternate basis for dismissing Count I: that the Murphys have not adequately alleged an equal protection violation. Under a "class of one" theory, a plaintiff must allege either (1) that he was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment" or (2) "the government is treating unequally those individuals who are prima facie identical in all relevant respects, and that the cause of the differential treatment is a totally illegitimate animus toward" him by the governmental entity. Nevel, 297 F.3d at 681 (internal citations and quotations omitted). A review of their amended complaint makes it clear the Murphys have followed these instructions almost verbatim and their allegations, without going into the details, are enough to defeat a motion to dismiss.

The County is on better ground with Count II, a malicious prosecution claim also brought under § 1983, which it rightfully seeks to dismiss because the Seventh Circuit has repeatedly and unequivocally held such a claim cannot be maintained under § 1983. See Smith v. Lamz, 321 F.3d 680, 684 (7th Cir. 2003); Penn v. Harris, 296 F.3d 573, 576 (7th Cir. 2002); Newsome v. McCabe, 256 F.3d 747, 751 (7th Cir. 2001). In the face of this authority, the Murphys' continued pursuit of this claim, as well as their attempt to distinguish Newsome in their response brief, is nothing short of sanctionable. In their complaint, they even go so far as to specifically allege that "[f]reedom from malicious prosecution is a federal right protected by 42 U.S.C. § 1983 and the Fourth Amendment of the United States Constitution" (Am. Compl. ¶ 57) – language that can only be described as the exact *opposite* of that found in the just-cited cases. Such behavior is especially inexcusable after the court specifically warned counsel for the Murphys in open court during a status hearing on case number 01 C 50073 (a case nearly identical to the present one that the Murphys filed against these same defendants before voluntarily dismissing it) that continuing to press a § 1983 malicious prosecution claim would open up both him and his clients to paying defendants' attorneys' fees. The Murphys seem to make overtures in their response brief that this count could be viewed as a substantive (and perhaps procedural?) due process claim, but this too is patently frivolous; nothing in the amended complaint as it now stands even remotely resembles substantive or procedural due process allegations. This count, as pled, is dismissed with prejudice.

Finally, in Count III, the Murphys allege a state law civil conspiracy claim against the individual defendants. In moving to dismiss this count, these defendants initially suggest the law of the case doctrine forecloses this count. But the court does not see how it can be bound by the law of the case when (1) its decision to dismiss a prior version of this claim was not even made *in this case* (it was made in case number 01 C 50073) and (2) part of that decision included giving the Murphys leave to replead this claim. Another completely unsupportable argument these defendants make is that Illinois' fact pleading standard, rather than federal notice pleading, applies to this claim. See Muzikowski v. Paramount Pictures Corp., 322 F.3d 918, 926 (7th Cir. 2003) (stating that federal, not state, pleading rules apply to state law claim brought in federal court). The Murphys' allegations, while admittedly on the skimpy side, are sufficient under Rule 8. See Hoskins v. Poelstra, 320 F.3d 761, 764 (7th Cir. 2003).

Nevertheless, the court believes the individual defendants have one worthwhile argument. Under Illinois law, a "civil conspiracy cannot exist between a corporation's own officers or employees." Van Winkle v. Owens-Corning Fiberglas Corp, 683 N.E.2d 985, 991 (Ill. App. Ct. 1997). And because all of the individual defendants are officers and employees of the County, the court finds they cannot be held liable for conspiracy.

For the reasons stated above, defendants' motion to dismiss is granted in part and denied in part; Counts II and III are dismissed with prejudice and the individual defendants are dismissed.

---

[1] The County actually does cite a case from a court in the Northern District of Illinois (although it waited until its reply brief to do so), Moberg v. City of West Chicago, No. 00 C 2504, 2002 WL 31398832 (N.D. Ill. 2002), but it is not on point. The plaintiffs in Moberg alleged four separate counts: one for an equal protection violation under a "class of one" theory, one under § 1983, one under Monell, and one under state law for "wilful and wanton" conduct. See id. at *1. In part of its opinion, the court dismissed the Monell claim because the plaintiffs had not adequately pled a policy and custom. See id. at *2. More importantly, though, it *never addressed the separately alleged equal protection claim*, so its discussion of Monell and dismissal of the Monell claim has absolutely no relevance here.